United States District Court
Southern District of Ohio
Western Division

DIRECTV, INC,

    Plaintiff,

vs.

MIKE STEPHENS, *et al.*,

    Defendants.

Case No. 1:03-cv-364

Spiegel, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S UNOPPOSED MOTIONS FOR SUMMARY JUDGMENT (docs. 65, 66) BE GRANTED; AND JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS PAUL HANNAH AND MIKE STEPHENS**

    DIRECTV, Inc. initiated this action against eleven defendants, including Paul Hannah and Mike Stephens (hereinafter "Defendants"), alleging that Defendants purchased, possessed, and used devices to surreptitiously intercept DIRECTV's digital satellite television programming in violation of the Federal Communications Act of 1934, as amended ("FCA"), 47 U.S.C. § 605, and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510-2521.

    This matter is now before the Court on Plaintiff's motions for summary judgment against Defendants Paul Hannah and Mike Stephens.  (Docs. 65, 66.)  Defendants Hannah and Stephens have neither responded to Plaintiff's summary judgment motions, nor the Court's pending Order to Show Cause why Plaintiff's motions should not be granted.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

(*See* Doc. 67.)

## I.  UNDISPUTED FACTS

DIRECTV is a leading direct broadcast satellite system.  (Docs 65, 66, Whalen Aff. ¶ 4.)  DIRECTV's transmissions are encrypted (*i.e.* electronically scrambled) to provide security for and to prevent unauthorized and unpaid viewing of its satellite television programming.  (Whalen Aff. ¶ 5.)  DIRECTV offers its television programming to residential and business customers on a subscription and pay-per-view basis only.  *Id.*

In order to profit illegally from DIRECTV's broadcast system, various companies and individuals have engaged in the manufacture, sale, and use of illegal electronic devices primarily designed for the surreptitious interception of satellite communications broadcast by DIRECTV.  *Id.* at ¶ 6.  These electronic devices, know as "Pirate Access Devices," are specifically designed to allow purchasers of these products to decrypt (unscramble) DIRECTV's signal and view broadcasts without paying the subscription or pay-per-view fees.  The manufacture, sale, and/or distribution of these devices, as well as the purchase, possession, and/or use of these devices, violates federal law.

On May 25, 2001, DIRECTV executed Writs of Seizure, with the assistance of local law enforcement, at the mail shipping facility used by several major sources of pirate technologies, including Vector Technologies.  During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts and other records.  (*Id*. at ¶ 24.)  Those

records evidence Defendants Hannah's and Stephens' purchase of illegal Pirate Access Devices from Vector Technologies in March 2001, specifically one unlooper by Hannah, and one Vector Smart Card Emulator and one Vector Super Unlooper with SU2 Code by Stephens. *Id*. Emulators and unloopers were specifically designed as devices to be used for gaining unauthorized access to DIRECTV programming. (Doc. 65, Whalen Aff. ¶ 25, 26; Doc. 66, Whalen Aff. ¶ 25, 26.)

Both Hannah and Stephens knew the primary purpose of the emulator was to assist in the unauthorized reception of DIRECTV satellite television programing, and both used the devices to assist in the unauthorized reception of DIRECTV satellite televison programming.

## II.  STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex,* 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

When the moving party files a motion for summary judgment, the nonmoving

party cannot "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The Federal Rules of Civil Procedure require that the nonmoving party produce some evidence in support of its allegations supporting its claims, by affidavits or as otherwise provided in the rule. Fed. R. Civ. P. 56(e). If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. *Id.*; *see also Anderson,* 477 U.S. at 248-49; *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, *reh'g denied,* 393 U.S. 901 (1968). When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party. *See Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 404-05 (6th Cir. 1992).

### III.  DISCUSSION

A. <u>Defendants received DIRECTV's signal in violation of 47 U.S.C. § 605(a)</u>

Section 605 provides that "no person not being entitled thereto shall . . . receive . . . any interstate. . . communication by radio and use such communication for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). This provision governs the interception of programming as it travels through the air and applies to encrypted satellite transmissions. *Kingvision Pay-Per-View, Ltd v. Scott E's Pub, Inc.*, 146 F.Supp.2d 955, 959 (E.D. Wis. 2001).

Defendants Hannah and Stephens purchased Pirate Access Devices over the Internet from Vector Technologies and used the devices for the unauthorized reception of

satellite television programming. Accordingly, Defendants' purchase and use of the devices establishes that they received DIRECTV's satellite signal illegally in violation of § 605(a). *See Community Television Sys., Inc. v. Caruso,* 134 F.Supp.2d 455 (D.Conn 2000), aff'd 224 F.2d 430 (2d Cir. 2000) (purchase of pirate access devices created presumption of use).

Defendants have failed to provide any evidence or argument creating a genuine issue of material fact for trial. Accordingly, DIRECTV is entitled to judgment as a matter of law against Hannah and Stephens with respect to its § 605(a) claim.

B.  Defendants violated the Electronic Communications Privacy Act, 18 U.S.C.§ 2511(1)(a).

The interception of satellite television signals falls within the scope of the ECPA. *United States v. One Macom Video Cipher II*, 985 F.2d 258 (6th Cir. 1993); *see also United States v. Lande*, 968 F/2d 907 (9th Cir. 1992) (affirming conviction under ECPA for modifying descramblers to enable viewing of satellite television). Section 2511(1)(a) of the ECPA prohibits the intentional interception, attempted interception, or procurement of an interception by others, of any wire, oral, or electronic communication.

As noted above, Defendants purchased and used devices with the intent to intercept DIRECTV's satellite signal in violation of 18 U.S.C.§ 2511(1)(a). Defendants have failed to provide any evidence and/or argument creating a genuine issue of material fact for trial. Thus, DIRECTV is entitled to judgment as a matter of law with respect to its 18 U.S.C. § 2511(1)(a) claim.

C. <u>DIRECTV is Entitled to Statutory Damages, Costs, and Attorney Fees</u>.

*i. Damages under the Federal Communications Act*

The Federal Communications Act provides that an aggrieved party may recover damages and attorney's fees as a result of the unauthorized publication or use of satellite programming communications. *See* 47 U.S.C. § 605(e)(3).

Specifically, section 605(e)(3)(C)(i)(II) of the FCA states that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." *Id; See also Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 489 (S.D.N.Y. 1999). Therefore, under § 605, DIRECTV is entitled to amount an from $1,000 to $10,000. Given the presumption of use, the undersigned finds and recommends that DIRECTV is entitled to damages in the maximum amount under the statute, *i.e.*, $10,000.00 against defendant Hannah, and $20,000 against defendant Stephens.

*ii. Damages under the Electronic Communications Privacy Act*

Defendants Hannah's and Stephens' purchase, possession and use of the pirate access device(s) violates the ECPA, 18 U.S.C. §§ 2511(1)(a), which prohibits actual or attempted interception of DIRECTV's satellite transmission of television programming.

As a result of these violations, DIRECTV is entitled to damages. 18 U.S.C. § 2520 provides for civil damages:

> (a) In general. - Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover

from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

(b) Relief. - In an action under this section, appropriate relief includes—
    (1) such preliminary or other equitable or declaratory relief as may be appropriate;
    (2) damages under subsection (c) and punitive damages in appropriate cases; and
    (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

(c) Computation of Damages.
                              ***
    (2) In any other action under this section, the Court may assess as damages whichever is the greater of –
        (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
        (B) statutory damages of whichever is the greater of $100.00 a day for each day of violation or $10,000.00.

DIRECTV has demonstrated that defendants Hannah and Stephens violated 18 U.S.C. §§ 2511(1)(a). Accordingly, DIRECTV is entitled to a judgment in the sum certain total of $10,000.00 against Hannah (1 x $10,000.00 per violation), and $20,000 against Stephens (2 x $10,000.00) based on violations of the ECPA.

    iii.    *Attorney's Fees and Costs*

DIRECTV is entitled to recover attorney's fees and costs for violations of both the FCA and the ECPA. 47 U.S.C. § 605(e)(3)(B)(iii); 18 U.S.C. § 2520(b)(3). DIRECTV shall submit appropriate documentation establishing the amount of attorney's fees and costs to which it is entitled from Defendants Hannah and Stephens within sixty days of

the entry of summary judgment.

    *iv.    Injunctive Relief*

DIRECTV is entitled to injunctive relief under the both the FCA and the ECPA. *See* 47 U.S.C. § 605(e)(3)(B)(I); 18 U.S.C. § 2520(b)(3). Accordingly, the undersigned finds and recommends that Defendants Hannah and Stephens, their employees, agents, servants, successors, and assigns, and any other person acting in concert with any of them, should be enjoined from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511.

## IV.  CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS** that:

1. DIRECTV's unopposed motion for summary judgment against Paul Hannah be (doc. 65) be **GRANTED**;

2. DIRECTV's unopposed motion for summary judgment against Mike Stephens be (doc. 66) be **GRANTED**;

3. Judgment be entered in favor of DIRECTV and against Paul Hannah in the amount of **$10,000.00** (statutory damages for one violation), **plus attorney's fees and costs;**

4. Judgment be entered in favor of DIRECTV and against Mike Stephens in the amount of **$20,000.00** (statutory damages for two violations), **plus attorney's fees and costs**;

5. DIRECTV shall submit a memorandum in support of its award of attorney's fees within **sixty days** of the entry of summary judgment against Paul Hannah and Mike Stephens; and

5. Paul Hannah and Mike Stephens be permanently enjoined from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511.


Date:  January 18, 2006                           s/ Timothy S. Black
                                                  Timothy S. Black
                                                  United States Magistrate Judge

**United States District Court**
**Southern District of Ohio**
**Western Division**

DIRECTV, INC,

    Plaintiff,

vs.

MIKE STEPHENS, *et al.*,

    Defendants.

Case No. 1:03-cv-364

Spiegel, J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).